IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRIS KUTTNER, et al., | : No. 05-cv-01257-HB |
| Plaintiffs | : |
| v. | : |
| UNGERER & CO., INC., et al., | : |
| Defendants | : |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ungerer & Co., Inc. ("Ungerer") answers the Complaint as follows:

1. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and those allegations are therefore denied.

2. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and those allegations are therefore denied.

3. Ungerer admits the allegations in paragraph 3 of the Complaint that it is a corporation. Ungerer denies the remaining allegation in paragraph 3 of the Complaint.

4. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and those allegations are therefore denied.

KRLSPHL: 241226 v.1

5. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and those allegations are therefore denied.

6. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and those allegations are therefore denied.

7. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and those allegations are therefore denied.

8. Denied. Ungerer denies the allegations in paragraph 8 of the Complaint that, at all times relevant to this action, it designed, manufactured, distributed and/or sold diacetyl to Shafco-Haakenson, Inc. for the use in butter flavorings. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint that pertain to the other defendants, and those allegations are therefore denied.

9. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and those allegations are therefore denied.

10. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and those allegations are therefore denied.

11. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 of the Complaint, and those allegations are therefore denied.

12. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and those allegations are therefore denied.

13. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and those allegations are therefore denied.

14. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and those allegations are therefore denied.

15. Denied. The allegations in paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, after reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as

KRLSPHL: 241226 v.1

to the truth of the allegations in Paragraph 15 of the Complaint and those allegations are therefore denied.

## COUNT I

16. Ungerer incorporates by reference its responses to paragraphs 1 through 15 of the Complaint.

17. Denied. The allegations in paragraph 17 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Ungerer denies the allegations in paragraph 17 of the Complaint that pertain to it. Any diacetyl sold or distributed by Ungerer was sold or distributed in the same condition it was received from the manufacturer or supplier, without any substantial change. After reasonable investigation, Ungerer is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 that pertain to other defendants.

18. Denied. Ungerer denies the allegation in paragraph 18 of the Complaint that it designed, manufactured or produced diacetyl. Any diacetyl sold or distributed by Ungerer was sold or distributed in the same condition it was received from the manufacturer or supplier, without any substantial change. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and those allegations are therefore denied.

19. Denied. The allegations in paragraph 19 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required: (a) Ungerer denies the allegations in paragraph 19 of the Complaint that pertain to it. Furthermore,

4

any diacetyl sold or distributed by Ungerer was sold or distributed in the same condition it was received from the manufacturer or supplier, without any substantial change; and (b) after reasonable investigation, Ungerer is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint, and those allegations are therefore denied.

20. Denied. The allegations in paragraph 20 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Ungerer denies the allegations in paragraph 20 of the Complaint.

WHEREFORE, Ungerer demands that the Court enter judgment in its favor and against Plaintiffs.

## COUNT II

21. Ungerer incorporates by reference its responses to paragraphs 1 through 20 above.

22. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and those allegations are therefore denied.

23. Denied. The allegations in paragraph 23 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and those allegations are therefore denied.

KRLSPHL: 241226 v.1

24. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and those allegations are therefore denied.

25. Denied. The allegations in paragraph 25 state legal conclusions to which no response is required. To the extent that a response is required, Ungerer denies the allegations in paragraph 25 of the Complaint that pertain to it. After reasonable investigation, Ungerer is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and those allegations are therefore denied.

26. Denied. The allegations in paragraph 26 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Ungerer denies the allegations of paragraph 26 of the Complaint that pertain to it. After reasonable investigation, Ungerer is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and those allegations are therefore denied.

WHEREFORE, Ungerer demands that the Court enter judgment in its favor and against Plaintiffs.

## COUNT III

27. Ungerer incorporates by reference its responses to paragraphs 1 through 26 of the Complaint.

28. Denied. Ungerer denies the allegations in paragraph 28 of the Complaint that pertain to it. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the Complaint that pertain to the other defendants, and those allegations are therefore denied.

29. Denied. Ungerer denies the allegations in paragraph 29 of the Complaint that pertain to it. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the Complaint that pertain to the other defendants, and those allegations are therefore denied.

30. Denied. Ungerer denies the allegations in paragraph 30 of the Complaint that pertain to it. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint that pertain to the other defendants, and those allegations are therefore denied.

31. Denied. The allegations in paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, the allegations in paragraph 31 of the Complaint are denied.

32. Denied. The allegations of paragraph 32 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required: (a) Ungerer denies those allegations in paragraph 32 of the Complaint that pertain to it; and (b) Ungerer, after reasonable investigation, lacks sufficient knowledge or information to form a

KRLSPHL: 241226 v.1

belief as to the truth of the allegations in paragraph 32 of the Complaint that pertain to the other defendants and those allegations are therefore denied.

33. Denied. Ungerer denies the allegations of paragraph 33 of the Complaint that pertain to it. As to the allegations in paragraph 33 of the Complaint that pertain to the other defendants, after reasonable investigation, Ungerer is without sufficient knowledge or information to form a belief as to the truth of those allegations and those allegations are therefore denied.

34. Denied. The allegations of paragraph 34 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Ungerer denies those allegations in paragraph 34 of the Complaint that pertain it. After reasonable investigation, Ungerer is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint that pertain to other defendants and those allegations are therefore denied.

WHEREFORE, Ungerer demands that the Court enter judgment in its favor and against Plaintiffs.

## COUNT IV

35. Ungerer incorporates by reference its responses to paragraphs 1 through 34 of the Complaint.

36. Denied. The allegations in paragraph 36 of the Complaint state a legal conclusion to which no response is required. To the extent that a response to the allegations in paragraph 36 is required, Ungerer denies the allegations in paragraph 36 of the Complaint that pertain to it. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 of the Complaint that pertain to the other defendants and those allegations are therefore denied.

37. Denied. The allegations in paragraph 37 of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Ungerer denies the allegations that pertain to it. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 of the Complaint that pertain to the other defendants and those allegations are therefore denied.

38. Denied. Ungerer denies the allegations in paragraph 38 of the Complaint that pertain to it. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint that pertain to the other defendants and those allegations are therefore denied.

39. Denied. The allegations in paragraph 39 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, those allegations that pertain to Ungerer are denied. As to the allegations in paragraph 39 of the Complaint that pertain to the other defendants, after reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of those allegations and those allegations are therefore denied.

40. Denied. The allegations in paragraph 40 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, those allegations that pertain to Ungerer are denied. As to the allegations in paragraph 40 of the Complaint that pertain to the other defendants, after reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of those allegations and those allegations are therefore denied.

41. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and those allegations are therefore denied.

42. Denied. The allegations in paragraph 42 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, those allegations that pertain to Ungerer are denied. As to the allegations in paragraph 42 of the Complaint that pertain to the other defendants, after reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of those allegations and those allegations are therefore denied.

WHEREFORE, Ungerer demands that the Court enter judgment in its favor and against Plaintiffs.

## COUNT V

43. Ungerer incorporates by reference its response to paragraphs 1 through 42 of the Complaint.

44. Denied. After reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45. Denied. The allegations of paragraph 45 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and those allegations are therefore denied.

WHEREFORE, Ungerer demands that the Court enter judgment in its favor and against Plaintiffs.

## COUNT VI

46. Ungerer incorporates by reference its response to paragraphs 1 through 45 of the Complaint.

47. Denied. The allegations of paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Ungerer denies those allegations that pertain to it. As to the allegations in paragraph 47 of the Complaint that pertain to the other defendants, after reasonable investigation, Ungerer lacks sufficient knowledge or information to form a belief as to the truth of those allegations and those allegations are therefore denied.

WHEREFORE, Ungerer demands that the Court enter judgment in its favor and against Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

All of Plaintiffs' causes of action are barred by the applicable statutes of limitations.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

No product distributed or sold by Ungerer caused Plaintiffs' alleged injuries.

## FOURTH AFFIRMATIVE DEFENSE

The conduct of third parties over whom Ungerer had no control may constitute a superseding cause of Plaintiffs' alleged claimed injuries.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the assumption of the risk doctrine.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries and damages as alleged, then their claims may be barred or reduced in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. §7102 et seq., and by other similar applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

The open and obvious danger doctrine bars Plaintiffs' claims.

## EIGHTH AFFIRMATIVE DEFENSE

Any damages that Plaintiffs may have suffered resulted from the conduct of third parties over whom Ungerer had no control and for whose conduct Ungerer is not responsible.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' own conduct was the sole cause or was a substantial contributing factor of any injury that Plaintiff may have incurred.

## TENTH AFFIRMATIVE DEFENSE

Ungerer did not make any representation regarding the quality of products it allegedly distributed, nor any misrepresentations concerning such products.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs prove their allegations, then defendants Citrus and Allied Essence, Ltd., Polarome International, Inc., third-party defendant Crompton Corporation, and other entities that may be joined as third parties, are entirely responsible and are liable over by way of contribution or indemnification to Ungerer.

## TWELFTH AFFIRMATIVE DEFENSE

Ungerer did not make, design, modify, or alter in any way any diacetyl.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and ratification.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of laches.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Ungerer's conduct was in all respects reasonable and in accordance with all applicable laws, rules, regulations, codes, and industry standards.

## SIXTHTEENTH AFFIRMATIVE DEFENSE

Ungerer reserves the right to assert any additional defenses that it learns during discovery may be applicable or applicable defenses that may be asserted or have been asserted by Ungerer's co-defendants and by any third-party defendants that are or may be brought into this case. Ungerer reserves the right to amend this Answer to assert any such other affirmative defenses about which it subsequently learns.

KRLSPHL: 241226 v.1

WHEREFORE, Ungerer demands that the Court enter judgment in its favor and against Plaintiffs.

Respectfully submitted,

_____
Robert A. Griffiths
Pa. I.D. No. 37065
Sean R. Sullivan
Pa. I.D. No. 78970
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Philadelphia, PA 19103
215-567-7500
Attorneys for Defendant Ungerer & Co., Inc.

KRLSPHL: 241226 v.1

## CERTIFICATE OF SERVICE

I certify that on April 20, 2005, I served by United States Mail, first class, the foregoing Stipulation on the following parties:

>Richard D. Lucente, Esq.
>Howard Maniloff, Esq.
>Tabas & Rosen, P.C.
>1845 Walnut Street, 22nd Floor
>Philadelphia, PA  19103
>*Counsel for Plaintiffs*
>
>Donald M. Davis, Esq.
>Margolis Edelstein
>The Curtis Center, 4th Floor
>Independence Square West
>Philadelphia, PA  19106-3304
>*Counsel for Defendant Citrus & Allied Essences, Ltd.*
>
>Jonathan Dryer, Esq.
>Wilson Elser Moskowitz Edelman & Dicker LLP
>The Curtis Center, Suite 1130 East
>Independence Square West
>Philadelphia, PA  19106
>*Counsel for Defendant Polarome International, Inc.*

_____
Sean R. Sullivan

KRLSPHL: 241226 v.1